**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Dominic ALLOCCO and Rosario Rinaldi,**
**Defendants-Appellants.**

**No. 370, Docket 23944.**

United States Court of Appeals
Second Circuit.

Argued June 4, 1956.
Decided July 5, 1956.

termine the amount of damage respectively caused by the negligence of each.' "

**956**

Herbert M. Wachtell, Asst. U. S. Atty., S. D. N. Y., New York City (Paul W. Williams, U. S. Atty., New York City, on the brief), for plaintiff-appellee.

Clarence R. Eisen, New York City (Henry K. Chapman, New York City, on the brief), for defendants-appellants.

Before CLARK, Chief Judge, and HINCKS and WATERMAN, Circuit Judges.

**PER CURIAM.**

■■ Defendant Allocco was convicted on one conspiracy and two substantive counts, and defendant Rinaldi on one substantive and one conspiracy count, charging violations of the narcotics laws, 21 U.S.C. §§ 173, 174, and 18 U.S.C. § 371. The evidence tending to prove that defendants had engaged in the illegal sale of narcotics was overwhelming, and the jury verdict thoroughly justified. Defendants object that certain government exhibits, lock-sealed narcotics containers, carried the name of one "S. E. Rubin Murphy," rather than that of Oscar Wray, the government special employee who made the purchases in question. But these exhibits were identified as the containers of the illegally sold narcotics by long and tortuous oral testimony, in the face of which the matter of their marking assumes slight significance. Further, there were obvious reasons of administrative convenience to explain the markings. And it is to be noted that defendants successfully resisted the government's offer to reopen the case for clarification when counsel raised the point on summation.

■ Defendants also object to admission of evidence of Rinaldi's flight, which took place after the conspiracy was ended by Allocco's arrest. But this evidence was clearly admissible against Rinaldi. Allen v. United States, 164 U.S. 492, 499, 17 S.Ct. 154, 41 L.Ed. 528; United States v. Heitner, 2 Cir., 149 F.2d 105, 107, certiorari denied sub nom. Cryne v. United States, 326 U.S. 727, 66 S.Ct. 33, 90 L.Ed. 432. Although at one point the trial judge inadvertently allowed some such evidence to be admitted against Allocco, the point as to admissibility against Allocco alone is not before us on this appeal. In any event, this inadvertence of the judge on a minor matter unlikely to influence the jury was not prejudicial, particularly as against the convincing proof of guilt produced against them.

Affirmed.